**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 17, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30238
(Summary Calendar)

_____

JANA L. LANDRY,

              Plaintiff-Appellant,

    v.

JOHN E. POTTER, Postmaster General,

              Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:02-CV-1053

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Plaintiff Jana L. Landry appeals the district court's grant of Defendant John E. Potter's motion for summary judgment on her claims that her former employer, the United States Postal Service ("Postal Service"), discriminated against her on the basis of race, gender, age and pregnancy under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to e-17, the Age

_____

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), when it refused to reinstate her following her voluntary resignation. Potter contends that Landry was not reinstated because her safety and attendance records did not meet reinstatement standards.

On January 27, 2005, the district court found that Landry had not established a prima facie case of discrimination because she did not show that others similarly situated were treated more favorably, stating:

> Although the Plaintiff has cited some statistics, primarily it appears that the statistics relied upon by the Plaintiff are that the postal records indicate that 10 out of 12 people who were hired by the postal manager, in this case Mr. Edlin [sic], are reinstated, 10 out of 12 are African American, nine out of 12 were under the age of 40, and seven out of the 12 were male. However, those statistics alone did not indicated that these people were in anyway similarly situated to the Plaintiff in that there's no indication as to what the safety record that these people had, nor is there any evidence as to the attendance record that these people had prior to their termination and reinstatement. So there's no evidence that these people cited by the Plaintiff were similarly situated to the Plaintiff.

The district court entered final judgment and Landry timely appealed. *Pro se*, Landry claims that the district court erred in granting summary judgment because the Postal Service allegedly failed to produce discoverable information. Landry explains that she would have included the discoverable information in her opposition to the Postal Service's motion for summary judgment

2

had it been produced.

Landry's argument was not presented to the district court when the Postal Service moved for summary judgment. "Arguments not raised in the district court cannot be asserted for the first time on appeal." *Greenberg v. Crossroads Sys., Inc.*, 364 F.3d 657, 669 (5th Cir. 2004); *see FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994)("If an argument is not raised to such a degree that the district court has an opportunity to rule on it, we will not address it on appeal."). Landry cannot assert her argument.

Landry also argues that the "bare statistics" she provided were sufficient to show she was treated differently than those with whom she was similarly situated. We review the district court's grant of summary judgment *de novo*. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004). In this case, there is no direct evidence of discrimination; Landry must therefore establish a prima facie case of discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000)("[I]n discriminatory treatment cases . . . .[f]irst the plaintiff must establish a prima facie case of discrimination."). To make her prima facie case, Landry must show she "(1) is a member of a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) . . . in the case of disparate treatment, show[] that others similarly situated were treated more favorably." *Okoye v. Univ. of Tex.*

*Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001)(internal quotation omitted).[1]

The district court found Landry had not shown that the Postal Service treated those similarly situated to Landry more favorably. There is no evidence in the record of the attendance and safety records of any person hired by the Postal Service, let alone evidence showing their records were similar to Landry's. To establish a claim of disparate treatment, Landry must show that the Postal Service gave preferential treatment to employees or applicants who were under "'nearly identical' circumstances." *Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 304-05 (5th Cir. 2000). The bare statistics Landry provides regarding the age, gender, and race of those hired by the Postal Service are insufficient to show others similarly situated were treated more favorably, and the judgment of the district court is AFFIRMED.

---

[1] Although Landry raises four different federal discrimination claims, the requirements for establishing a prima facie case of employment discrimination are identical for each claim. *See Reeves*, 530 U.S. at 142-43; *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 n.1 (1993); *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)("A claim brought under the [Pregnancy Discrimination Act] is analyzed like any other Title VII discrimination claim.").